**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CATHERINE VASQUEZ-ORTIZ,**

    **Plaintiff,**

v.                                                    **Case No.  8:04-cv-1570-T-23TBM**

**PHC PARTNERS, INC., d/b/a
PEDIATRIC HEALTH CHOICE,**

    **Defendant.**

                                        /

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Motion to Compel** (Doc. 16) and **Motion for Extension of Time to Extend Discovery Cutoff and Request for Permission to Conduct Additional Depositions** (Doc. 17) and Defendant's responses in opposition (Docs. 18, 19, respectively).

By her motion to compel, Plaintiff seeks an Order compelling Defendant to respond to her Second Request for Production of Documents to Defendant propounded on or about December 8, 2004. These requests sought documents concerning (1) all job positions for the year 2004,[1] (2) all advertisements for jobs during 2004, and (3) all documents, including correspondence, emails, or memoranda, regarding any alleged downsizing affecting the position held by Plaintiff during her employment. Defendant essentially objected to each request on grounds of overbreadth and relevance. On this motion, Defendant argues that

---

[1] Plaintiff later clarified that she intended to request job "postings."

Requests Nos. 1 and 2 are overbroad and seek irrelevant information because they are not limited to the Administrative department in which Plaintiff worked under Lynn Tran,[2] cover too broad a temporal scope, and because Plaintiff testified that she was unable to work after March 24, 2005, the existence of job openings after that date are not relevant.  Defendant notes that in responding to Plaintiff's First Set of Interrogatories, it notified Plaintiff of job openings in Ms. Tran's area of responsibility for the three-month period before and after her termination, and in response to the second request, Defendant advised that after search, it had not located copies of any relevant advertisements.[3]  With respect to Request number 3, Defendant contends that it produced the only responsive documents, the task lists for Lynn Tran's customer service department, which reflect employees and their work assignments before and after the layoff.[4]

Rule 26(b)(1) defines the scope of discovery:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

---

[2] According to Defendant, there are four distinct departments at Plaintiff's work facility, each headed by a different individual.  Plaintiff worked in the customer service area of the Administration Department  headed by Vice President Lynn Tran.  The other departments were Pharmacy, headed by Vice President Steve Hughes; HME and Marketing, headed by Vice President Robert Anderson; and Finance, headed by Controller Heidi Tosti.

[3] Defendant's response suggests that it may have emails that contain the language employed in the advertisements, although not the advertisements themselves.  If so, it indicates it will provide these to the Plaintiff, and it is so ordered.

[4] Although Defendant claims the reduction in force was driven by economic considerations, Plaintiff agreed that she was not seeking financial records except those which Defendant might introduce at trial.

Fed. R. Civ. P. 26(b)(1).  Additionally, the court may limit discovery upon the determination that the discovery sought is unreasonably burdensome or expensive or the expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving issues.  See Fed. R. Civ. P. 26(b)(2).

Here, Plaintiff has alleged that she "was told her position was being eliminated and that she was being 'laid off' even though the Defendant hired and attempted to hire several employees during this same time period," (Doc. 10 at ¶ 22), and Defendant has asserted in its Answer that it acted in good faith and that Plaintiff's termination was based on a legitimate, non-discriminatory reason.  See (Doc. 14).  By its response, the termination was according to a legitimate reduction in force brought on by economic considerations.  While it is typically the case that discovery in discrimination cases is limited to the plaintiff's employing unit or work unit and discovery should be limited to an appropriate temporal scope, the claims and defenses in this case dictate a broader scope of discovery than imposed by the Defendant.[5]  The court cannot say that documents concerning any job postings, job advertisements, and any other documents concerning the asserted downsizing are not relevant as defined by Rule 26(b)(1).  Moreover, while Defendant has limited its production to the three months before and after Plaintiff's termination, the court finds that the appropriate temporal scope for discovery extends to the full year of 2004, as requested by Plaintiff.  Accordingly, Plaintiff's motion to compel (Doc. 16) is granted.

---

[5]See Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (citing EEOC v. Packard Electric Division, General Motors Corp., 569 F.2d 315 (5th Cir.1978)); Marshall v. Westinghouse Elec. Corp., 576 F.2d 588, 592 (5th Cir.1978).

3

By Plaintiff's motion for an extension of time to extend the discovery cut-off and for permission to conduct additional depositions, Plaintiff requests an extension of the May 2, 2005, deadline to June 8, 2005.  Upon consideration, Plaintiff's motion for an extension of the discovery deadline is granted to the extent that Mr. Barry's deposition may proceed on May 4, 2005.  Otherwise, the motion is denied without prejudice.[6]

Accordingly, it is **ORDERED** that **Plaintiff's Motion to Compel** (Doc. 16) is **GRANTED**.  The Defendant is directed to produce all responsive documents within twenty (20) days from the date of this Order.  It is further **ORDERED** that Plaintiff's **Motion for Extension of Time to Extend Discovery Cutoff and Request for Permission to Conduct Additional Depositions** (Doc. 17) is **GRANTED** to the extent that the deposition of Mr. Barry may proceed as scheduled, but the motion is **DENIED** without prejudice in all other respects.

**Done and Ordered** in Tampa, Florida, this 28th day of April 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[6] Plaintiff speculates that she will require additional written discovery or additional depositions of unidentified witnesses after Barry's deposition; however, that is entirely unclear on this motion.  Should the need for additional discovery arise, Plaintiff may seek the court's permission to conduct such discovery on subsequent motion.

4