**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CATHERINE VASQUEZ-ORTIZ,**

    **Plaintiff,**

v.                                                             **Case No.  8:04-cv-1570-T-23TBM**

**PHC PARTNERS, INC., d/b/a**
**PEDIATRIC HEALTH CHOICE,**

    **Defendant.**
                                      /

**O R D E R**

THIS MATTER is before the court on Plaintiff's **Motion and Memorandum for Access to Data Storage Devices** (Doc. 21) and Defendant's respons in opposition (Doc. 22). By her motion, Plaintiff seeks an Order allowing her access to any and all data storage devices, including hard disk drives, floppy disks, CD/DVD ROMS, removable media, backup copies, and servers accessed directly or indirectly by Defendant's employees Cherlynn Stokes, Robert Anderson, and Steve Berry.  As grounds, Plaintiff argues that these witnesses were directly involved in the decision to terminate Plaintiff's employment, and this discovery "would test the accuracy" of Defendant's proffered reason for Plaintiff's termination.  By its response, Defendant contends that Stokes, Anderson, and Barry were not directly involved in the decision to terminate Plaintiff.  Defendant further argues that it has already produced all relevant, non-privileged materials concerning the Plaintiff's termination; Plaintiff's request is duplicative, overbroad, and unduly burdensome; and Defendant's computer system contains confidential patient and proprietary information.

Previously, this court granted Plaintiff's motion to compel production of all documents, including correspondence, emails, or memoranda, regarding any alleged downsizing affecting the position held by Plaintiff during her employment, see (Doc. 20), and Defendant represents that it has produced all such responsive documents.[1]  By the instant motion, Plaintiff makes no allegation or showing that Defendant's document production has been insufficient or incomplete or that Defendant has otherwise engaged in any discovery abuses.  Under these circumstances, Plaintiff is not entitled to the direct, unlimited access to Defendant's computer databases sought by her request.  See In re: Ford Motor Co., 345 F.2d 1315, 1317 (11th Cir. 2003).

Accordingly, it is **ORDERED** that Plaintiff's **Motion and Memorandum for Access to Data Storage Devices** (Doc. 21) is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 27th day of May 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[1] The court understands this representation to include emails pertinent to the Plaintiff's claims or the Defendant's defenses.  If the court is incorrect in this assumption and no search for pertinent emails has been conducted, then the Defendant is directed to make such a search during the relevant time frame and to produce responsive emails promptly.